IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Griffin Cascone, | ) | C/A No. 8:24-cv-04665-BHH-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Anre Williams, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This is a civil action filed by a non-prisoner.  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.  The plaintiff's complaint was entered on the docket on August 27, 2024 (doc. 1).  Having reviewed the plaintiff's complaint, the undersigned recommends it be dismissed.

## **ALLEGATIONS**

    The plaintiff filed this action as a breach of trust against the defendant, the chief executive officer of American Express (doc. 1 at 6).  The plaintiff alleges that in July 2024, he created a trust with the defendant and the trust "assets comprise private credits generated immediately through the Plaintiff's promise to pay each time the Plaintiff makes a transaction" with the credit card issued by American Express (*id*. at 7).  The plaintiff alleges that the defendant did not disclaim the creation of the trust and failed to apply the private credits generated by the plaintiff (from using the credit card) to pay the balance owed on the account each month (*id*. at 7–8).  The plaintiff alleges that the failure to apply these credits appropriately constitutes breach of the contract because it has damaged the plaintiff's financial condition (*id*. at 9).  The plaintiff alleges that his claims also arise out of

equity (*id.* at 10). For relief, the plaintiff seeks a declaration that the defendant breached the trust and his fiduciary duties, an order requiring the defendant to apply the private credits to the American Express account, and an order requiring the defendant provide financial documents to the plaintiff regarding the trust (*id.* at 10–11).

Attached to the plaintiff's complaint are various documents sent to the defendant (*id.* at 13–26).

## STANDARD OF REVIEW

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. This court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915.[1] *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted."

---

[1] The plaintiff paid the full filing fee; thus, this case is not subject to the pre-screening provisions of 28 U.S.C. § 1915. Further, the plaintiff is not a prisoner; thus, the case is not subject to the screening provided for in 28 U.S.C. § 1915A.

(citations omitted)); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (finding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"). Accordingly, "[t]he present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." *Trawick v. Med. Univ. of S.C.*, C/A No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *4 (D.S.C. June 28, 2016), *Report and Recommendation adopted by* 2016 WL 8650131 (D.S.C. July 7, 2016), *aff'd* 671 F. App'x 85 (4th Cir. 2016) (mem).

## DISCUSSION

As noted above, the plaintiff filed this action seeking injunctive relief from the defendant. However, the plaintiff's complaint is subject to summary dismissal as frivolous. *See Feurtado v. McNair*, C/A No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008). Although the plaintiff does not identify himself as a sovereign citizen, his complaint bears all of the hallmarks of the "sovereign citizen" redemption theory. Adherents to the "sovereign citizen" theory "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); *see also Presley v. Prodan*, C/A No. 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013) (collecting cases describing the "sovereign citizen" movement and its common features), *Report and Recommendation adopted by* 2013 WL 1342539 (D.S.C. Apr. 2, 2013). These adherents also apply similar nonsensical theories in an attempt to avoid paying private debts. *See Bey v. AT&T Mobility*, C/A No. 8:23-cv-05076-HMH-KFM, 2023 WL 7306813 (D.S.C. Oct. 18, 2023), *Report and Recommendation adopted by* 2023 WL 7298768 (D.S.C. Nov. 6, 2023). Here, the plaintiff's claim that the defendant committed a breach of trust when

American Express refused his attempt to satisfy his bill with purported "private credits," which the plaintiff contends were generated by his use of the American Express credit card is patently frivolous. Indeed, such claims appear based on a fundamental misunderstanding of the operation of a credit card – that the plaintiff could generate revenue when using the credit card as well as that he was entitled to have that same revenue applied to pay his credit card balance each month. *See Williams v. PennyMac Loan Servs.*, C/A No. 3:23-cv-05063-MGL-SVH, 2023 WL 7742736, at *2–4 (D.S.C. Oct. 25, 2023) (dismissing sovereign citizen redemption theory claims premised on an incorrect assumption that submitting certain paperwork or taking certain actions (in lieu of paying money) would settle a given debt (internal citation omitted)), *Report and Recommendation adopted by* 2023 WL 7702681 (D.S.C. Nov. 15, 2023). As such, the undersigned recommends this action be dismissed as frivolous.

## **RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the complaint. Therefore, the undersigned recommends that the district court dismiss this action *with* prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). It is further recommended that the United States District Judge assigned to this case warn the plaintiff regarding the entry of sanctions in the future should the plaintiff continue to file

frivolous litigation in this court.  **The attention of the parties is directed to the important notice on the next page.**

        **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald  
United States Magistrate Judge

October 25, 2024  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).